UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA M. PANTOJA-ROMERO, et al., | No. C 02-4954 JSW (JL) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION DENYING CROSS MOTIONS FOR ATTORNEY'S FEES AND COSTS** |
| WATERFRONT APARTMENTS, et al., | **(Docket #'s 44, 45 and 50)** |
| Defendants. | |

## Introduction

The parties' cross-motions for attorney's fees and costs were referred by the district court (Hon. Jeffrey S. White) as provided by Civil Local Rule 72 and 28 U.S.C. § 636(b). Having considered the moving and opposing papers and arguments of counsel, this court recommends that both motions be denied.

## Factual Background

Maria Pantoja- Romero ("Maria") and her two minor daughters ("G" and "N") filed suit alleging discrimination and retaliation claims under the federal Fair Housing Act Amendment ("FHAA"), Title II of the American With Disabilities Act ("ADA"), §504 of the Rehabilitation Act and analogous state laws. Plaintiffs alleged that Defendants failed to accommodate G's disabilities and retaliated against them by threatening eviction. The Plaintiffs also alleged discrimination based on national origin, familial status, ancestry, race

and disability, as well as complaints related to habitability and other state law claims.

Defendants moved for summary judgment, which Maria only partially opposed. In her opposition brief, she conceded that her first and third claims for violation of the ADA and for violation of the Rehabilitation Act of 1973 were moot because Defendants offered her accommodation in the form of a new ground floor apartment close to her old residence. Plaintiff conceded that her fifth, sixth, and fifteenth claims under the Cal. Civ. Code §54.1 and 51 and Cal. Gov. Code § 12948 were moot as well. Plaintiff also requested that the court dismiss the remaining federal claim under the FFHA, because a Supreme Court case raised questions regarding the merits of this claim and Plaintiff could seek a remedy in state court.

Finally, Plaintiff agreed to dismissal of the remaining state claims pursuant to 28 U.S.C. §1367(c)(3). This statute provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction. The court granted Plaintiffs request to dismiss her first, second, third, fifth, sixth, and fifteenth claims with prejudice leaving only the state claims, which the court dismissed without prejudice pursuant to 28 U.S.C. § 1367.

The parties filed cross motions for attorney's fees and costs. At the hearing of the motions, this court asked counsel to address two questions: first, when did the Defendants offer the two bedroom apartment to Plaintiffs as evidenced by correspondence; second, what impact does *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. Of Health and Human Resources*, 532 U.S. 598 (2001) have on this court's decision.

**The parties dispute when Defendants offered a better apartment**

The parties disagree as to when Defendant offered the two bedroom apartment to Plaintiffs. Plaintiffs say it was after the complaint was filed on October 17, 2005. Defendants claim it was in the June 11, 2005 letter to Plaintiffs' counsel, when Defendants offered Plaintiffs an apartment that was "similar in size" to the apartment they currently occupied. Plaintiffs dispute that this response was adequate, because the apartment offered was only a one bedroom. Defendants rejoined that if there was any uncertainty about what "similar in size" meant, Plaintiffs' counsel should have asked. There is nothing

1  in the record except the June 11, 2005 letter that discussed either the offer of the apartment
2  or its size.  Between the June 11th letter and the October 17th complaint most of the
3  correspondence between the parties involved habitability issues and Plaintiffs' failure to
4  answer Defendants with specifics of those habitability issues so they could be remedied.

### The *Buckhannon* decision precludes fees and costs under federal law

6  At the hearing, Plaintiffs conceded that they could not recover attorney's fees under
7  *Buckhannon,* but in the alternative they requested fees under the "causation or catalyst" theory
8  under state law, citing four cases in support of their position, only two of which are federal.

### LEGAL ANALYSIS
### Plaintiffs' Claim

11  Plaintiffs move for attorney fees as prevailing parties on the grounds that they obtained
12  their desired result, a better apartment, through this litigation, which entitles them to attorney's
13  fees and costs under the catalyst theory.  In *Buckhannon* the U.S. Supreme Court held that the
14  fee-shifting provisions of the FHAA and of the ADA require a party to secure either a judgment
15  on the merits or a court-ordered consent decree in order to qualify as the "prevailing party."
16  Accordingly, *Buckhannon* holds the catalyst theory does not apply in federal court.  Chief
17  Justice Rehnquist noted that fees may not be awarded on the catalyst theory where a plaintiff
18  achieves the desired result by causing a voluntary change in a defendant's conduct without
19  court sanction of the agreement.

20  In *Buckhannon*, Plaintiff operated assisted living residences which and had been
21  ordered to close by the state fire marshall who determined that the residents must be capable
22  of "self preservation."  Buckhannon sued for declaratory judgment that the "self preservation"
23  requirement violated provisions of the FHAA and the ADA.  While the case was pending, the
24  state legislature eliminated this requirement, and the case was dismissed as moot on motion
25  by the state.  Buckhannon moved for an award of attorney's fees as the prevailing party under
26  the catalyst theory, like Plaintiffs in the present case.

27  Although the district court in *Buckhannon* sanctioned respondents under FRCP 11 for
28  failing to timely provide notice of the legislative amendment, the court declined to award

United States District Court
For the Northern District of California

Plaintiff's attorney fees under the catalyst theory.

In *Buckhannon,* Petitioners argued that attorney's fees are necessary to prevent defendants from unilaterally mooting an action before judgment to avoid fees. Petitioners claimed that rejection of the catalyst theory would deter plaintiffs with meritorious but expensive causes from bringing suit. The Court rejected this contention: "We are skeptical of these assertions, which are entirely speculative and unsupported by any empirical evidence." *Buckhannon*, 532 U.S. 598, 608.

The Ninth Circuit also rejected the catalyst theory in *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002), cert. denied 537 U.S. 820 (2002). In that case, a paraplegic assistant baseball coach sued the California Interscholastic Federation (CIF) and the California Interscholastic Federation Southern Section, claiming discrimination under the ADA. Following a settlement, the coach petitioned for attorney's fees and costs as the prevailing party.

The court awarded attorney's fees because it found plaintiff to be the prevailing party, not by virtue of his being a catalyst of policy change, but because his settlement agreement afforded him a legally enforceable instrument (a contract), which under *Fischer v. SJB P.D. Inc.,* 214 F.3d 1115 (9th Cir. 2000), made him a prevailing party.

The court in *Fischer* explained that a material alteration of the legal relationship between the parties occurs when plaintiff becomes entitled to enforce a judgment, consent decree or legally enforceable settlement against the defendant. The legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do. The court held that plaintiff was entitled to attorney's fees because the parties not only entered into a written settlement agreement but further agreed that the district court would retain jurisdiction over the issue of attorney's fees, thus affording continuing judicial oversight.

In the case at bar Defendants offered Plaintiff a better apartment thereby entering into an agreement. However, it is unclear when the offer was made and the final agreement was not in writing, nor was it enforceable by the court. The settlement was entirely private without judicial sanction. In addition, it did not completely dispose of the state law

claims which are now pending in state court.

Under *Buckhannon* and *Barrios,* Plaintiffs in the case at bar cannot obtain an award of attorney fees, since federal courts no longer adhere to the catalyst theory. Federal courts will only award attorney fees if the plaintiff obtains a judgment on the merits, a court ordered consent decree, or a judicially enforceable settlement agreement. None of these circumstances is present here. The agreement between the parties was reached outside court and does not involve the court in any way.

### State law does not support a fee award to either side

Plaintiffs concede that they can't recover fees under federal law. They assert that under the causation and catalyst theory they are entitled to reasonable attorney fees based on four cases, only two of which are federal. Plaintiff cites *Crommie v. State of Cal., Public Utilities Com'n*, 840 F.Supp 719 (N.D.Cal. 1994), *Mangold v. Cal. Public Utilities Com'n,* 67 F.3d 1470 (9th Cir. 1995), *Tipton-Whittingham v. City of Los Angeles*, 34 Cal.4th 604 (2004), and *Graham v. DaimlerChrysler Corporation*, 34 Cal. 4th 553 (2004).

The Federal cases, *Crommie* and *Mangold*, are the same. The district court awarded attorney's fees after a trial in which plaintiff prevailed, under the state catalyst theory. In both of these cases the parties won at trial on both their state claims and federal claims. In addition, the case pre-date *Buckhannon*. In the case at bar Plaintiff did not prevail on the merits of the federal claims, the settlement agreement was out of court, and the court dismissed all state law claims without prejudice pursuant to 28 U.S.C. §1367. Thus, the state law claims were not heard on the merits in this court and are pending in the California superior court. Accordingly, this court must apply federal law, not state law, in deciding whether to award attorney fees after the federal claims were dismissed as moot, and the state claims are still being heard.

For the same reasons this case is distinguishable from the two California state cases cited*, Tipton-Whittingham* and *Graham*. In *Tipton*, the Ninth Circuit requested that the California Supreme Court resolve questions of law relating to an award of attorney fees to a plaintiff who was the catalyst in motivating a defendant to modify its behavior.

1    The California Supreme Court found after *Buckhannon* that California law continues to
recognize the catalyst theory and does not require "a judicially recognized change in the
legal relationship between the parties" as a prerequisite for obtaining attorney fees. In order to
obtain attorney's fees under California law under such circumstances, a plaintiff must establish
(1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought;
(2) the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of
nuisance or threat of expense; and (3) that the plaintiffs reasonably attempted to settle the
litigation prior to filing the lawsuit. *Tipton-Whittingham*, 34 Cal. 4th at 608.

However, in *Tipton* both state and federal claims became moot in the course of the
parties' settlement agreement, and there were no state claims remaining. In the case at bar
only Plaintiffs' federal claims were dismissed as moot, and the state claims are still pending in
superior court. Accordingly, the state claims have not yet been decided on the merits, and
federal law applies to the motion for fees in this court.

Plaintiff also relies on *Graham*. The Court's reasoning in *Graham* is very similar to that
in *Tipton*. In *Graham* the case became moot as well due to Defendants' voluntary corrective
action. However, all claims were mooted and none remained to be decided in state court.
*Graham*, 34 Cal. 4th at 562. In the case at bar the court did not resolve any state claims, so
state law does not apply.

Even if this court found that the catalyst theory applies to the case at bar, the evidence
supporting Plaintiffs' claim for attorney's fees is weak. There is a genuine dispute when
Defendants offered and Plaintiffs accepted the better apartment. Plaintiffs fail to demonstrate
any of the following: (1) the lawsuit was a catalyst motivating the defendants to provide the
primary relief sought; (2) the lawsuit had merit and achieved its catalytic effect by threat of
victory; and (3) Plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit.
Further, the state claims were not mooted by the Defendants' conciliatory conduct and remain
to be adjudicated in state court.

If Plaintiffs win on their state claims in state court they can then move for reasonable
attorney's fees and may well succeed under the catalyst theory reaffirmed in state cases by

1   *Tipton* and *Graham*.  It is speculative but possible that if this court awarded attorney's fees in
2   this action and the state court also awarded fees,  there could be double recovery for
3   Plaintiffs.  However, this possibility in no way shaped this court's recommendation in the
4   pending motions.
5         This court is bound by the holdings in *Buckhannon* and *Barrios,* because in the case at
6   bar only the federal claims were dismissed as moot and the state claims were dismissed
7   without prejudice pursuant to 28 U.S.C. § 1367 and will be decided on the merits in state
8   court.  Therefore, this court must apply federal law and deny Plaintiffs' motion for fees and
9   costs.

### Defendants' claim

11        Defendants also move for attorney's fees as the prevailing party, on the grounds that
12  they offered Plaintiffs a two bedroom apartment prior to this lawsuit being filed and, therefore,
13  Plaintiffs' claims were made in bad faith and are frivolous, unreasonable and without
14  foundation.  According to Defendants, since all of Plaintiffs' claims were dismissed, they can't
15  possibly be prevailing parties and consequently cannot receive an award of attorney's fees.
16  Defendants claim that because their motion for summary judgment was granted, they are
17  entitled to reasonable attorney's fees.  However under the rules set forth in *Buckhannon* and
18  *Barrios,* Defendants cannot be considered the prevailing party either.
19        In order to qualify as the prevailing party in litigation under the FHAA or ADA, a party
20  must secure either a judgment on the merits, a court-ordered consent decree, or a judicially
21  enforceable settlement agreement.  In the case at bar neither state nor federal claims were
22  decided on the merits, since all of the federal claims were dismissed as moot due to
23  Defendants' conciliatory conduct, and the state claims were dismissed without
24  prejudice pursuant to 28 U.S.C. § 1367.  However,  even if Defendants were the prevailing
25  party, they still would not be entitled to attorney's fees.
26        The standards which apply to defendants seeking an attorney's fee award in an ADA
27  case are different from those which apply to plaintiffs.  An award of attorney's fees to
28  a prevailing defendant in an ADA suit is appropriate only when plaintiffs' claims were frivolous,

1  unreasonable, or without foundation. 42 U.S.C. § 3613(c)(3). If the claims were brought in
2  bad faith, that alone would justify an award of attorney fees to Defendants in this
3  case. *Goodell v. Ralphs Grocery Co.*, 207 F.Supp. 2d 1124, 1126 (E.D. Cal., 2002).
4       In spite of Defendants' allegations that Plaintiffs proceeded in bad faith and that their
5  claims were frivolous and without merit, an award of fees to a successful defendant in an ADA
6  action should be made only under the most compelling circumstances, in order to avoid
7  discouraging Plaintiffs from bringing a potentially meritorious claim for fear of having to pay
8  attorney's fees if they fail.
9       Here, Plaintiffs presented substantial evidence of potentially triable habitability issues
10 (i.e. cockroach infestation, exposed wiring, dilapidated staircase, and failure to reasonably
11 accommodate plaintiffs' disabilities) from the outset of the lawsuit, and these claims are still
12 pending in state court. Once Plaintiffs accepted the ground floor two bedroom apartment
13 offered by Defendants, Plaintiffs requested in their opposition to Defendants' motion for
14 summary judgment that their federal claims be dismissed as moot and that their state claims
15 be dismissed pursuant to § 1367. Thus, even if Defendants were considered the prevailing
16 party in this action, they have not proved that Plaintiffs' suit was frivolous, meritless, or without
17 foundation. Consequently, Defendants' motion for attorney's fees and costs should also be
18 denied.

### Conclusion

20      For the foregoing reasons, it is hereby recommended that Plaintiffs' and Defendants'
21 cross motions for attorney's fees and costs are both denied.

23      IT IS SO ORDERED.
24 DATED: November 15, 2005.

_____
JAMES LARSON
Chief United States Magistrate Judge