**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA M. PANTOJA-ROMERO,
*individually and as proposed Guardian Ad Litem for minors* MGN-P and NJN-P,

    Plaintiffs,

v.

WATERFRONT APARTMENTS; 260 CANAL STREET ASSOCIATES; STANFORD PROPERTIES, INC.; and RON LIEBEG,

    Defendants.
_____/

No. C 02-4954 JSW

**ORDER RE CROSS-MOTIONS FOR ATTORNEYS' FEES**

    Now before the Court are the parties' cross-motions for attorneys' fees and Defendants' motion for a *de novo* review of Chief Magistrate Judge Larson's Report and Recommendation as to their motion for attorneys' fees. The motions are fully briefed and ripe for decision. The Court finds these motions suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for January 27, 2006, is VACATED.

    On March 2, 2005, this Court issued an order dismissing Plaintiff's claims. (*See* Docket No. 43.) Both parties then filed motions for attorneys' fees and costs, contending they were the prevailing party. On a referral from this Court, Chief Magistrate Judge Larson issued a Report and Recommendation, recommending that this Court deny the parties' cross-motions for attorneys' fees and costs. With respect to Plaintiff's motion, Judge Larson found that Plaintiff was not entitled to recover attorneys' fees under a "causation or catalyst" theory. (Report and

Recommendation at 3-7.) With respect to Defendants' cross-motion, Judge Larson found that Defendants could not be considered the prevailing party, and thus, were not entitled to recover attorneys' fees and costs. (*Id*. at 7-8.) Judge Larson noted that this Court did not decide any claims on the merits, but rather, dismissed the claims pursuant to the Plaintiff's request. Thus, Judge Larson reasoned that Defendants were not a prevailing party. Moreover, Judge Larson found that even if Defendants were the prevailing party, they are not entitled to recover attorneys' fees. A district court may exercise its discretion to award a prevailing defendant attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2) only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978). Judge Larson rejected Defendants' argument that Plaintiff proceeded in bad faith and that her claims were frivolous because Plaintiff had presented substantial evidence of potentially triable habitability issues, and these claims are still pending in state court.

Defendants filed a motion seeking *de novo* review of the recommended denial of their motion. Upon a *de novo* review, the Court agrees with Judge Larson's Report and Recommendation to deny Defendants' attorneys' fees and costs. Defendants disagree with Judge Larson's characterization of the Court's order dismissing Plaintiff's claims and contend that they were the prevailing party. Defendants argue that this Court granted Defendants' motion summary judgment because Plaintiff's claims were not meritorious. (Mot. for Review of Report at 4). Defendants misinterpret the Court's order dated March 2, 2005. In response to Defendants' motion for summary judgment, Plaintiff requested that all her claims be dismissed for various reasons. The Court merely granted Plaintiff's request to dismiss her claims. (*See* Docket No. 43.) Accordingly, Defendants are not a prevailing party.

Moreover, even if Defendants could be considered a prevailing party, the Court finds that it would not be appropriate to award them attorneys' fees. District courts may award attorneys' fees to prevailing defendants in civil rights cases only in "exceptional" or "extreme" cases where the action was unreasonable, frivolous, meritless, or without foundation. *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645-46 (9th Cir. 1999) (citing

*Christiansburg*, 434 U.S. at 422).  Defendants have not shown that Plaintiff's action was frivolous, unreasonable, or without foundation.  Therefore, the Court agrees with Judge Larson that Plaintiff's action does not qualify as such an "exceptional" or "extreme" case warranting an award of attorneys' fees and costs to Defendants.

Plaintiff has not objected to Judge Larson's recommended denial of her motion.  With respect to Plaintiff's motion, the Court finds the Judge Larson's Report correct, well-reasoned and thorough.

Accordingly, the Court adopts Judge Larson's Report and Recommendation and DENIES both parties' motions for attorneys' fees and costs..

**IT IS SO ORDERED.**

Dated: January 25, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE